## ACTION BY MINOR FOR INJURIES.

### Superior Court of Cincinnati.

PAUL CAINE, A MINOR, BY MARY CAVANAUGH, NEXT FRIEND, v. THE VICTOR LAMP CO.

Decided, December, 1912.

*Pleading—Averment as to Tender Back Not Necessary in Case of a Minor, When—Adjustment May Be Made After Claim is Established.*

In an action in equity by the next friend of a minor, to set aside a settlement made by the minor with his employer for injuries received, it is not necessary to allege a tender back of the sum paid to the minor in settlement, inasmuch as a finding in his favor may be made dependent upon his paying back the amount already received, or the jury may be instructed to deduct the amount found to be rightfully due him the sum previously received.

*Galvin & Galvin,* for the demurrer.
*Cowell & Lamping,* contra.

HOFFHEIMER, J.

The action is to set aside a settlement made by plaintiff, a minor, with defendant for personal injuries (loss of two fingers), received while employed by defendant.

Defendant demurs because the petition admits the receipt of the money (\$60) in settlement, but does not allege payment or tender back such sum.  Reliance is had on *Life Ins. Co.* v. *Burke,* 69 O. S., 294, which case in my opinion does not apply to the case of a minor (see page 307).  This action before me, being in equity and by the next friend of a minor, I do not think it was necessary to obtain the relief sought to aver payment or to tender back.  If ultimately the equities are found to be with plaintiff, surely the proper equitable relief can be made dependent on the plaintiff paying or tendering back the amount paid by defendant.  If it should be found that the plaintiff can not pay back because, let us say, through indiscretion naturally to be looked for in persons of immature years, he has lost or squandered the money, surely the door of justice should not be closed to him.  If entitled to proceed at law, as for negligence, defendant can still be protected, under the foregoing circumstances, by a proper instruction to the jury (in the case of a minor) that it must deduct from whatever it may find plaintiff entitled to recover, the amount already given him.

Demurrer overruled.